**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
BRIJWANT KAUR,                                    :
                                                  :     No. 17-cv-428
       Plaintiff,                              :
                                                  :     **COMPLAINT**
       v.                                      :
                                                  :
SHARIYAR HADI DO, PC,                             :
                                                  :
                                                  :
       Defendant.                              :
-------------------------------------------------------X

Plaintiff Brijwant Kaur, by her attorneys, Shavitz Law Group, P.A., alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiff who worked as an Office Manager for Defendant Shariyar Hadi DO, PC from about January 2012 to January 2016.

2. Prior to about February 2014, Defendant did not pay Plaintiff any overtime wages despite the fact that Plaintiff regularly worked more than 40 hours per workweek, as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and its supporting regulations, and the New York Labor Law, Article 19, §§ 650, *et seq.* ("NYLL") and its supporting regulations. Defendants also did not track the hours Plaintiff worked.

3. In or about February 2014, Defendant installed a time clock and began tracking the hours Plaintiff worked. However, Defendants still did not pay Plaintiff overtime wages at time and one-half of her regular rate of pay for all overtime hours worked. Rather, Defendant paid a lesser amount per overtime hour worked in violation of the FLSA and NYLL.

4. By the conduct described herein, Defendant has violated the FLSA and NYLL by failing to pay Plaintiff the overtime wages she has earned and to which she is entitled by law.

## THE PARTIES

### *Plaintiff Brijwant Kaur*

17. Plaintiff Brijwant Kaur is an adult individual who is a resident of Levittown, New York.

18. Kaur was employed by Defendant as an Office Manager from approximately January 2012 to January 2016.

19. Defendant paid Kaur approximately $12.00 per hour at the beginning of her employment and a salary of $50,000 at the end of her employment.

20. Pursuant to Defendant's policy, pattern, and/or practice, Kaur regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked. Kaur typically worked between 55 to 60 hours per week. Kaur was not paid time and one-half overtime wages during any workweeks for the overtime hours she worked as an Office Manager.

21. At all times relevant hereto, Kaur was a covered employee within the meaning of the FLSA and the NYLL.

22. A written consent form for Kaur is attached hereto as Exhibit A.

### *Defendant*

23. Defendant operates a medical group registered in the state of New York with their principal place of business in Levittown, New York.

24. At all relevant times, Defendant was an "employer" within the meaning of the FLSA and the NYLL.

25. Throughout the relevant period, Defendant employed Plaintiff within the meaning of the FLSA and the NYLL. Defendant has had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

26. At all times relevant, Defendant maintained control, oversight and direction over Plaintiff, including timekeeping, payroll and other employment practices that applied to her.

27. At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

28. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

29. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

30. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(3) because Plaintiff and Defendant are residents of the State of New York and Defendant has their principal place of business in this District.

## FACTUAL ALLEGATIONS

31. Throughout her employment with Defendant, Plaintiff regularly worked in excess of 40 hours per week.

32. Throughout her employment with Defendant, Plaintiff was a non-exempt employee who was entitled to overtime pay under the FLSA and NYLL.

33. Defendant was aware that Plaintiff worked more than 40 hours per workweek, yet Defendant failed to pay her overtime compensation for any of the hours worked over 40 in a workweek.

34. Defendant failed to keep accurate records of the hours that Plaintiff worked.

35. All of the work that Plaintiff performed was assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiff performed.

36. Upon information and belief, Defendant's unlawful conduct has been pursuant to a policy or practice of minimizing labor costs by violating the FLSA and the NYLL.

37. Defendant was aware, or should have been aware, that the FLSA and NYLL required them to pay Plaintiff overtime compensation for hours worked in excess of 40 per week.

38. Defendant failed to pay Plaintiff overtime wages despite explicit provisions in the FLSA and NYLL requiring them to do so. Defendant's failure to pay Plaintiff overtime was willful.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**

39. Plaintiff Kaur realleges and incorporates by reference all allegations in all preceding paragraphs.

40. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

41. Plaintiff Kaur has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

42. At all relevant times, Plaintiff Kaur was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

43. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

44. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Plaintiff Kaur was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

46. Defendant failed to pay Plaintiff Kaur the overtime wages to which she was entitled under the FLSA.

47. Defendant's violations of the FLSA, as described in this Complaint, has been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff Kaur.

48. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

49. As a result of Defendant's willful violations of the FLSA, Plaintiff Kaur suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

50. As a result of the unlawful acts of Defendant, Plaintiff Kaur has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law – Unpaid Overtime

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. At all times relevant, Plaintiff was an employee and Defendant was an employer within the meaning of the NYLL. Plaintiff is covered by the NYLL.

56. Defendant failed to pay Plaintiff wages to which she was entitled under the NYLL. Defendant failed to pay Plaintiff for overtime wages at a wage rate of one and one-half times her regular rate of pay.

57. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff.

58. Due to Defendant's intentional and willful violations of the NYLL, Plaintiff is entitled to recover from Defendant her unpaid wages (including overtime wages), reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and such other relief as provided by law.

### THIRD CAUSE OF ACTION
### New York Labor Law Notice and Recordkeeping Claims
### (On behalf of Plaintiff)

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. NYLL § 195(4) requires every employer to establish and maintain, for at least three years, *inter alia*, payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

61. NYLL § 661 requires every employer to maintain, *inter alia*, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

62. 12 N.Y.C.R.R. § 142-2.6 requires every employer in miscellaneous industries to establish, maintain and preserve for six years weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

63. NYLL § 195(3) requires that every employer furnish each employee with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

64. 12 N.Y.C.R.R. § 142-2.7 requires every employer in miscellaneous industries to furnish each employee a statement with every payment of wages, listing hours worked, rates

paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

65. Defendant failed to comply with the notice and record keeping requirements of NYLL §195(1) and 195(3), resulting in penalties under NYLL § 198(1)(b) and 198(1)(d) for Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA, the NYLL, and the supporting United States Department of Labor's and state regulations;

B. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing their unlawful practices;

C. Pre-judgment, post-judgment interest, and statutory penalties as provided by law;

D. Attorneys' fees and costs of the action; and

E. Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: New York, New York  
      January 26, 2017

Respectfully submitted,

_/s/ Michael Palitz_

Michael J. Palitz  
SHAVITZ LAW GROUP, P.A.  
830 3rd Avenue, 5th Floor  
New York, New York 10022  
Tel:   (800) 616-4000  
Fax:  (561) 447-8831  

*Attorneys for Plaintiff*